UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| MICHAEL ANTHONY WRIGHT, JR. and VONDALE EUGENE SOLOMON, | ) ) ) | | |
| Plaintiffs, | ) ) ) | | |
| v. | ) ) | No. | 1:23-CV-272-TAV-CHS |
| CHRISTIAN LOPEZ, CEVIN YORK, BRANDON BARNES, JACKIE MATHENY JR., KELLWELL FOOD MANAGEMENT, and WARREN COUNTY DETENTION CENTER, | ) ) ) ) ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Anthony Wright, Jr., an inmate in the Warren County Detention Center, has filed (1) a pro se complaint for violation of 42 U.S.C. § 1983 arising out of an incident during his confinement, naming both himself and Vondale Eugene Solomon as Plaintiffs [Doc. 2] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address the joinder of Mr. Solomon as a Plaintiff before addressing Plaintiff Wright's motion [Doc. 1] and screening the complaint [Doc. 2].

**I.  PLAINTIFF SOLOMON**

As the Court noted above, the style of the complaint names two Warren County Detention Center inmates, specifically Michael Anthony Wright, Jr. and Vondale Eugene Solomon, as Plaintiffs in this case [Doc. 2, p. 1]. Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out

of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). While the joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), courts have recognized that prisoners are "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances," such as the requirement for exhaustion of administrative remedies, the need for each plaintiff to sign each paper filed with the Court, and other things, "make joint litigation exceptionally difficult." *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *6 (D.N.J. June 23, 2008); *see also McLaurin v. Bagley*, No. 2:17-CV-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017) (noting that there are "'pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder'" even where Rule 20(a) permits it, including the "'need for each plaintiff to sign every [letter, motion, and] pleading, and the consequent possibilities that documents may be changed as they are circulated . . . . ,'" as well as the fact that prisoner litigants are "notably transitory") (citations omitted).

Various difficulties associated with multiple prisoner plaintiffs proceeding together have already arisen in this case. Specifically, while Plaintiff Wright filed a motion for leave to proceed *in forma pauperis* [Doc. 1], signed the complaint in two places [Doc. 2, pp. 10, 12], and sent the Court a letter regarding subpoenas [Doc. 8], Plaintiff Solomon did not file a motion for leave to proceed *in forma pauperis*, nor did he sign the complaint or other papers Plaintiff Wright filed with the Court [Docs. 1, 8], even though Rule 11(a) of

2

the Federal Rules of Civil Procedure requires unrepresented parties to sign each pleading, motion, or other paper filed with the Court.

Given these significant issues, and because Plaintiff Solomon's failure to sign or file any documents in this case makes it unclear whether he has agreed to pursue this case, the Court declines to allow Plaintiff Solomon to proceed together with Plaintiff Wright in this action. Accordingly, Plaintiff Solomon is **DISMISSED** from this action, and the Clerk is **DIRECTED** to send him a form § 1983 complaint and a form motion for leave to proceed *in forma pauperis*, which he may return if he wished to file his own separate § 1983 lawsuit.

## II.  MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 1] that Plaintiff Wright is unable to pay the filing fee in one lump sum, this motion is **GRANTED**.

Plaintiff Wright is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff Wright's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff Wright's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only

when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff Wright's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## III. COMPLAINT SCREENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's

4

right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

**B.     Allegations**

In his complaint, Plaintiff Wright claims that an inmate defecated on the floor and boxes in a walk-in freezer, and that jail officials did not discard all the food from the cooler/freezer and served some of that food to inmates, which Plaintiff Wright claims risked inmates' health [Doc. 2, p. 10]. Plaintiff Wright asserts that this incident occurred because "[s]taff failed to supervise inmates," and complains that "[s]taff failed to have food professionally tested to make sure no food was contaminate[d]" [*Id.*].

Plaintiff Wright has sued Christian Lopez, Cevin York, Tommy Maynard, Brandon Barnes, Jackie Mathney Jr., Kellwell Food Management, and Warren County Detention Center [*Id.* at 2]. As relief, Plaintiff Wright requests "$20,000,000.00" dollars for his "pain and suffering" and "deprivation of civil rights as a convicted inmate on active state probation" [*Id.* at 11]. Plaintiff Wright also requests that Warren County Detention Center conditions "improve in policies and regulations/procedures" and that the Warren County Detention Center "bring their standards up to code per federal and state law, [a]nd for proper living conditions for other inmates" and himself [*Id.*].

5

C. **Analysis**

Plaintiff Wright claims that the incident in his complaint violated his rights under the Eighth and Fourteenth Amendment [*Id.* at 8]. However, the complaint fails to state a claim upon which relief may be granted under § 1983.

First, the complaint does not include facts from which the Court can plausibly infer any violation of Plaintiff Wright's Eighth Amendment rights, even if the Court assumes that jail officials served him food from the cooler/freezer in which an inmate defecated. It is well-settled that prison officials must take reasonable measures to protect prisoners' safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). Liability attaches to a prison official's failure to protect a prisoner where the prisoner was "incarcerated under conditions posing a substantial risk of serious harm," and the prison official acted with deliberate indifference to the prisoner's safety. *Id*. at 834. "Deliberate indifference" means that a prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards that risk. *Id*. at 837 (quotation marks omitted).

Plaintiff Wright does not plausibly allege that (1) any Defendant deliberately disregarded information suggesting that the food that was in the cooler/freezer when the inmate defecated, and that jail officials served to inmates, came into any contact with feces, or (2) that jail officials' alleged failure to supervise inmates violated his Eighth Amendment rights in any other way. Accordingly, these allegations fail to state a plausible claim for violation of Plaintiff Wright's Eighth Amendment rights.

6

Plaintiff Wright's complaint allegations likewise do not state a plausible claim for violation of his Fourteenth Amendment right to due process. Specifically, a due process claim requires the existence of a protected liberty or property interest with which Defendants interfered. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."). Nothing in the complaint allows the Court to plausibly infer that the incident set forth in the complaint deprived Plaintiff Wright of any interest that the Due Process Clause protects.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff Solomon is **DISMISSED** from this action, and the Clerk is **DIRECTED** to send him a form § 1983 complaint and a form motion for leave to proceed *in forma pauperis*, which he may return if he wished to file his own separate § 1983 lawsuit;

2. Plaintiff Wright's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

3. Plaintiff Wright is **ASSESSED** the civil filing fee of $350.00;

4. The custodian of Plaintiff Wright's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk is **DIRECTED** to provide a copy of this memorandum opinion and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff Wright is now confined and the Court's financial deputy;

6. Even liberally construing the complaint in favor of Plaintiff Wright, it fails to state a claim upon which relief may be granted under § 1983;

7

7. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE